Filed 4/8/22  P. v. Nguyen CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092775 |
| Plaintiff and Respondent, | (Super. Ct. No. 99F09906) |
| v. | |
| DAI NGUYEN, | |
| Defendant and Appellant. | |

Defendant Dai Nguyen appeals from an order denying his postjudgment petition for resentencing under Penal Code[1] section 1170.95.  Defendant's appointed counsel found no arguable issues and filed a brief under *People v. Wende* (1979) 25 Cal.3d 436, asking this court to independently review the record to determine whether there were any arguable issues on appeal.  Defendant filed a supplemental brief complaining about appellate counsel's performance and claiming the trial court erred in denying his petition as the jury was instructed on both felony murder and natural and probable consequences. After examining the record, we find no arguable error that would result in a disposition more favorable to defendant and affirm.

---

[1]     Undesignated statutory references are to the Penal Code.

1

BACKGROUND[2]

We briefly summarize the relevant background from our opinion in defendant's previous appeal from the underlying conviction. (*People v. Nguyen* (Dec. 19, 2002, C037200) [nonpub. opn.] (*Nguyen*).)[3]

In December 1999, while on the hunt for methamphetamine, defendant went to Jeff Hutchings's home while the victim, John Beren, was there. Defendant and Beren got into an argument, during which defendant claimed Beren approached him with a clenched fist. "[D]efendant pulled a gun from his pocket and held it to Beren's head. He said to Hutchings, 'Jeff, you didn't see shit.' Defendant shot Beren in the head and Beren died." A jury found defendant guilty of second degree murder and found true the allegation he personally used a firearm while committing the murder. The trial court sentenced him to state prison for 15 years to life on the murder conviction, with a 25-year enhancement on the firearm allegation. We affirmed the judgment on appeal. (*Nguyen*, *supra*, C037200.)

In September 2019, defendant filed his third section 1170.95 petition for resentencing, alleging he was convicted of second degree murder under CALJIC No. 8.32, "which is consistent with [the] 2nd degree felony murder doctrine," and could not now be convicted of murder because of the changes made to section 188 in Senate

---

[2] Notice of appeal was filed on October 5, 2020. Defendant's counsel sought and was granted multiple extensions of time (17). This case was fully briefed January 24, 2022.

[3] We treated defendant's motion to augment the record with the appellate record in case No. C037200 as a motion to incorporate by reference and granted that request.

2

Bill No. 1437. (2017-2018 Reg. Sess.) He also requested appointment of counsel. The court held a hearing.[4]

The trial court appointed counsel, received briefing from the parties, heard argument, and reviewed the record of conviction. The court noted defendant had pulled a gun from his pocket and shot the victim in the head and killed him. The court also indicated the jury was not instructed with any theory of accomplice liability or conspiracy; thus, there was no instruction on the natural and probable consequences doctrine; nor was the jury instructed on either first or second degree felony murder. The trial court denied the petition finding defendant was not convicted of felony murder under a natural and probable consequences theory, but was convicted of "straightforward second degree malice aforethought murder, a conviction that has been upheld on appeal and that is based on a theory of murder that has survived" Senate Bill No. 1437.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief requesting *Wende* review of the court's postjudgment order denying defendant's section 1170.95 petition. Counsel properly advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant has filed a supplemental brief.

Whether the protections afforded by *Wende* and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738 apply to an appeal from an order denying a postjudgment motion to modify a sentence is an open question. Our

---

[4] There was some confusion as to the nature of the hearing the court was holding. The court stated the hearing was for the purpose of determining if defendant had made a prima facie showing of eligibility and indicated it had issued an "order directing the parties to brief why the Court should not grant relief." However, in its written order, the court indicated the matter had advanced to the order-to-show-cause hearing stage and thus the People had the burden of proving defendant ineligible for relief.

Supreme Court is set to resolve the issue in *People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted February 17, 2021, S266305.

In *Figueras*, we described the *Anders/Wende* procedure that we held applicable to appeals from section 1170.95 petitions:  " '[C]ounsel appointed in such appeals is required to independently review the entire record and, if counsel so finds, file a brief advising the appellate court that there are "no arguable issues to raise on appeal"; [counsel must inform] the defendant [that he or she] has a right to file a supplemental brief [within 30 days of the filing of counsel's brief]; and this court has the duty to address any issues raised by the defendant.' "  (*People v. Figueras* (2021) 61 Cal.App.5th 108, 112-113, review granted May 12, 2021, S267870.)  We shall address the raised issues as well as independently review the record for error here.

Defendant filed a supplemental brief raising complaints about his appellate counsel, claiming she distorted the record and various psychological evaluations.  To the extent this is a claim of ineffective assistance of appellate counsel, it fails.  A claim of ineffective assistance of appellate counsel requires a showing of both deficient performance and prejudice.  (*In re Reno* (2012) 55 Cal.4th 428, 488.)  Appellate counsel has the duty to prepare a legal brief containing citations to the appellate record and appropriate authority.  Counsel must set forth all arguable issues and cannot argue the case against his or her client.  Failure of "appellate counsel to raise crucial assignments of error, which arguably might have resulted in a reversal" deprives an appellant of effective assistance of appellate counsel.  (*In re Smith* (1970) 3 Cal.3d 192, 202-203.)  However, the fact that appellate counsel followed the procedure set forth in *Wende* is insufficient, by itself, to show appellate counsel has been ineffective.  Defendant has made no claim that counsel's conduct either fell below professional standards or prejudiced him in any way.  The reports he appears to be referencing relate to testimony in the underlying trial and matters not before us in this appeal.  Those records are not relevant to our disposition in this case.

The purpose of section 1170.95 is to permit resentencing for individuals who could not now be convicted under sections 188 and 189 because of Senate Bill No. 1437. (2017-2018 Reg. Sess.)  (Stats. 2018, ch. 1015 ["This bill would provide a means of vacating the conviction and resentencing a defendant" where "the defendant could not be charged with murder after the enactment of this bill"].)  One of the three initial conditions for section 1170.95 to apply is "[t]he petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (a)(3).)  Defendant was not convicted of felony murder and was not convicted under a natural and probable consequences theory.  The amendments under Senate Bill No. 1437 do not relieve him of liability and he is not eligible for relief under section 1170.95.

In this case, the trial court properly considered its own files as well as our unpublished opinion in *Nguyen* in determining that defendant was convicted of second degree murder while personally using and discharging a firearm causing great bodily injury or death after the jury was instructed on express and implied malice murder. (*People v. Lewis* (2021) 11 Cal.5th 952, 971-972 [trial court may consider record of conviction when determining whether a petitioner has a made a sufficient prima facie showing for relief under § 1170.95]; *Lewis*, at p. 972 [appellate opinions are generally considered to be part of the record of conviction]; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055 [jury instructions are part of the record of conviction].)  The record shows the jury was not instructed on felony murder or murder based on the natural and probable consequences doctrine, and, thus, defendant could not have been convicted of second degree murder based on such theories.

Defendant claims that CALJIC No. 8.31, is not "felony murder, but [the] felony murder doctrine" as it "instructs the jury that even if death was not intended, the jury can still convict defendant of 2nd degree murder."  Defendant also claims that the jury was instructed on the natural and probable consequences doctrine as to the firearm

5

enhancement.[5] CALJIC No. 8.31 is the jury instruction for implied malice.[6] Implied malice is not the felony-murder doctrine; rather, the felony-murder rule acts as a substitute for implied malice relieving the prosecution of establishing that defendant acted with knowledge his conduct was dangerous and with conscious disregard for life. (*People v. Patterson* (1989) 49 Cal.3d 615, 626.) Nor, despite the similarity in language is it the natural and probable consequences doctrine. This instruction does not transform defendant's conviction for implied malice murder into either felony murder or the natural and probable consequences doctrine within the meaning of section 1170.95. (See *People v. Soto*, *supra*, 51 Cal.App.5th at p. 1058.) Implied malice murder is a distinct concept from both felony murder and natural and probable consequences murder. (*Id*. at pp. 1055-1059; *Patterson*, at p. 626.) Defendant was not charged with an underlying felony on which to base a felony-murder conviction and the jury was not instructed on any target crime upon which second degree murder based on a natural and probable consequences theory could be predicated.

The court did not err in denying defendant's petition for failure to make the requisite prima facie showing under section 1170.95. And we find no other arguable error that would result in a disposition more favorable to defendant.

---

[5] It is not clear how this argument pertains to the denial of defendant's section 1170.95 petition. Senate Bill No. 1437 (2017-2018 Reg. Sess.) changed the law regarding murder. (Stats. 2018, ch. 1015.) It did not change the law regarding firearm enhancements. To the extent this is a challenge to the validity of the jury's true finding on the firearm enhancement, such a claim is not cognizable in this appeal.

[6] As given, CALJIC No. 8.31 states: "Murder of the second degree is also the unlawful killing of a human being when: [¶] One, the killing resulted from an intentional act; [¶] Two, the natural consequences of the act are dangerous to human life; and [¶] Three, the act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life. [¶] When the killing is the direct result of such an intentional act it is not necessary to prove that the defendant intended that the act would result in the death of a human being."

DISPOSITION

The order denying defendant's petition for resentencing is affirmed.

/s/
Robie, Acting P. J.

We concur:

/s/
Duarte, J.

/s/
Renner, J.

7